IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40379
Conference Calendar
_____

RICHARD BRENTON TOBIAS,

                                        Plaintiff-Appellant,

versus

TERRY BROWN, District Attorney,
Polk County; BILLY RAY NELSON,
Sheriff for the County of Polk,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:94-CV-161
- - - - - - - - - -
August 24, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Richard Brenton Tobias appeals the district court's
dismissal of his civil rights suit pursuant to 28 U.S.C.
§ 1915(d).

    The district court may dismiss a complaint filed pursuant to
42 U.S.C. § 1983 if it determines that it is frivolous; i.e., if
the allegations lack an arguable basis either in law or fact.
Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A district

---

    [*]    Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the Court has determined
that this opinion should not be published.

court's § 1915 dismissal is reviewed for an abuse of discretion. Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992).

Prosecutors are immune from § 1983 suits for acts that are within the scope of their prosecutorial duties. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Prosecutorial immunity has been extended to a prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution. McGruder v. Necaise, 733 F.2d 1146, 1148 (5th Cir. 1984). Quasi-judicial conduct, such as a prosecutor's decision whether to file criminal charges, is also immune. Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990).

A sheriff is entitled to the protection of qualified immunity "if a reasonably competent law enforcement agent would not have known that his actions violated clearly established law." See King v. Chide, 974 F.2d 653, 657 (5th Cir. 1992).

The first step in the analysis of a qualified immunity defense is to determine whether the plaintiff has stated a constitutional violation. Id. In a § 1983 suit, the foundation of that first step is the principle that liability must arise out of a violation of a constitutionally protected right, not merely out of tort law. Id. Tobias does not possess a constitutional right to have an individual criminally prosecuted. See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990).

Accordingly, Tobias's complaint lacked a basis in law, and the district court did not abuse its discretion in dismissing it as frivolous. The district court's warning that additional frivolous suits could result in sanctions applies as well to the

filing of frivolous appeals.  See e.g., Coghlan v. Starkey, 852 F.2d 806, 811 (5th Cir. 1988); Clark v. Green, 814 F.2d 221, 223 (5th Cir. 1987).

AFFIRMED.